# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER B. WILSON, | : | CIVIL ACTION NO. |
| Cobb Cnty. ID # 746574, | : | 1:17-CV-01735-WSD-JCF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY, | : | PRISONER CIVIL ACTION |
| THEODORE JACKSON, Sheriff, | : | 42 U.S.C. § 1983 |
| JOHN DOE, | : | |
| Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff has received leave to proceed *in forma pauperis* in this action (Doc. 4), which is now ready for a frivolity screening of his complaint.

**I.     The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. Plaintiff's Complaint

Plaintiff sues Fulton County; its Sheriff, Theodore Jackson; and John Doe, an administrator at the Fulton County Jail ("Jail").  (Doc. 1 at 3).  He alleges that he "was granted bond on Oct. 31st, 2016, but bond was not posted nor arrived at [over to] the [Jail] until Nov. 25th, 2016."  (*Id.*).  He claims false imprisonment, excessive

2

confinement and violations of his due process and liberty rights under the Fourth, Fifth and Fourteenth Amendments. (*Id.* at 3-4). He seeks a declaratory judgment and $100,000 in damages for excessive confinement and false imprisonment. (*Id.* at 4-5). He also seeks compensatory damages for the resulting denial of medical treatment and for "emotional distress, mental anguish and humiliation." (*Id.* at 5).

### III.   Discussion

#### A.   Fulton County

"Generally, government entities 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.' " *Hall v. Georgia*, 649 Fed. Appx. 698, 700 (11th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). But "[a] government entity 'may be held liable under § 1983 [] for acts for which the [entity] itself is actually responsible, that is acts which the [entity] has officially sanction or ordered.' " *Id.* at 700-01 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988)); *see Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*) ( "[a] county is liable under section 1983 [] for acts for which [the county] is actually responsible," i.e., "when the county's official policy causes a constitutional violation"); *see id.* (a § 1983 plaintiff may establish an unconstitutional policy by identifying "either (1) an officially promulgated . . . policy

3

or (2) an unofficial custom or practice . . . shown through the repeated acts of a final policymaker").

But when an official acts as an arm of the state, not a county, a suit against him in his official capacity is in effect a suit against the state. "Because counties in Georgia have no authority over a sheriff's law enforcement functions, counties are not liable for the actions committed by the sheriff or his deputies in performing law enforcement activities." *Daniels v. Harris*, 3:11-CV-45 (CAR), 2012 U.S. Dist. LEXIS 127380, at *7-8 (M.D. Ga. Aug. 8) (citing *Grech*, 335 F.3d at 1329, 1336-37; and holding that because "Defendant Harris was employed by the Walton County Sheriff's Office as the jail commander for the [Walton County Jail, and] Plaintiff's claim is based on the postcard-only mail policy instituted by Defendant Harris, [] Walton County cannot be held liable and is entitled to judgment as a matter of law"), *adopted by* 2012 U.S. Dist. LEXIS 127377 (M.D. Ga. Sept. 7, 2012).

In *Grech*, the Eleventh Circuit held, *en banc*, that

> the Clayton County Sheriff is not a county policymaker under § 1983 for his law enforcement conduct and policies regarding warrant information on the CJIS [(Criminal Justice Information System)] systems or the training and supervision of his employees in that regard. Accordingly, the defendant Clayton County has no § 1983 liability for the acts and policies of the sheriff and his employees in this case.

*Grech*, 335 F.3d at 1348.

> Grech brought a § 1983 action naming Clayton County as the sole defendant. [His] complaint alleged that his constitutional rights were violated when he was arrested in 1998 pursuant to a 1985 bench warrant that the Sheriff's Office failed to remove from the CJIS systems. According to Grech, [] Clayton County's "failure to ensure adequate training, policies, procedures, practices, and customs regarding the use of the GCIC [(Georgia Crime Information Center)] Computer System constituted a pattern or practice of deliberate indifference and led directly and foreseeably to the arrest of the Plaintiff." In addition, [he] claimed that Clayton County had a custom and policy of permitting errors in warrant information to occur and to remain on the CJIS systems and of failing to prevent invalid criminal warrants from being on those systems.

*Id.* at 1328.

In *Grech*, a delay in removing warrant information from the GCIC system resulted in the plaintiff's wrongful arrest and detention, but because the handling of that information is a state function, Clayton County could not be held liable. Just so here, the alleged delay in the posting of Plaintiff's bond at the Jail, which he claims resulted in his wrongful detention, involves a state function for which Fulton County may not be held liable.

### B. Sheriff Jackson And John Doe

#### 1. Official Capacity Claims

When a Georgia sheriff functions as an arm of the state, he enjoys Eleventh

5

Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against him in his official capacity. *See Purcell v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005) (concluding that a Georgia sheriff "functions as an arm of the State [not the County] when promulgating policies and procedures governing conditions of confinement" at a county jail, and, therefore, the sheriff was "entitled to Eleventh Amendment immunity from [a] suit [for money damages] in his official capacity"); *see also Lake v. Skelton*, 840 F.3d 1334, 1337 (11th Cir. 2016) (Under the Eleventh Amendment, "[a] state is immune from a suit for damages in federal court by one of its own citizens, and this sovereign immunity extends to an official when he acts as an arm of the State." (citation and internal quotations omitted)).

The same immunity applies to sheriff's deputies when carrying out the state functions of a Georgia sheriff. *See Lake*, 840 F.3d at 1342 ("A [Georgia] deputy's functions are derived from the sheriff's functions, so the deputy's performance of [a sheriff's] function is also a state function."); *Owens v. Turner*, 5:15-CV-12 (CAR), 2016 U.S. Dist. LEXIS 128614, at *16 & n. 55 (M.D. Ga. Sept. 21, 2016) ("[S]heriff's deputies are entitled to the same Eleventh Amendment immunity against official capacity claims as a sheriff." (citing *Howell v. Houston Cnty., Ga.*, 5:09-CV-402

6

(CAR), 2011 U.S. Dist. LEXIS 95938, at *84 (M.D. Ga. Aug. 26, 2011), to the effect that "deputies are entitled to the same Eleventh Amendment immunity as sheriffs because, under Georgia law, sheriff's deputies are employees of the sheriff" (citing, in turn, *Grech*, 335 F.3d at 1342 n. 32); *see also Morgan v. Fulton Cnty. Sheriff's Dep't*, 1:05-CV-1576-JOF, 2007 U.S. Dist. LEXIS 44994, at *16-17 (N.D. Ga. June 21, 2007) ("[W]hen a sheriff is acting as an arm of the state, his deputies are also entitled to Eleventh Amendment immunity from suits for money damages in their official capacities.").

Because, as noted above, to the extent that Sheriff Jackson and John Doe were involved in Plaintiff's allegedly delayed release on bond, they were acting as arms of the State of Georgia, Plaintiff may not collect damages from either the Sheriff or John Doe in their official capacities.

### 2.  **Individual Capacity Claims**

But a plaintiff may sue state officials in their individual capacities for damages, although he must present "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Plaintiff has not done so here. Indeed, his only specific allegation is that "bond was not posted nor arrived at [over to] the [Jail] until Nov. 25th, 2016." (Doc. 1 at 3). Plaintiff has not alleged any

7

specific action taken, or that should have been taken but was not, by Sheriff Jackson or John Doe, nor has he alleged that there is a pattern or practice, attributable to the Sheriff, of deliberately delaying the release of Jail inmates on bond. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (noting the well-established rule that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability" — and also noting that "[t]he standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous"); *see also Richardson*, 598 F.3d at 738 ("As a general matter, fictitious-party pleading is not permitted in federal court."); *id.* (noting "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage" (internal quotations omitted), but concluding that because "the description in [the] complaint was insufficient to identify the defendant among [his] many [fellow] guards . . . , the district court properly dismissed th[e] claim" against the John Doe defendant). Likewise, here, Plaintiff has not sufficiently identified the John Doe defendant among the other officers or administrators at the Jail, nor has he made any allegation implicating Sheriff Jackson's direct personal or supervisory liability. In short, he has failed to state a plausible claim for relief.

**IV.     Conclusion**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a plausible claim for relief.  *See* 28 U.S.C. § 1915A; *Iqbal*, 556 U.S. at 678-79.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 5th day of July, 2017.

                                         /s/ *J. CLAY FULLER*
                                         J. CLAY FULLER
                                         United States Magistrate Judge