**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CHRISTOPHER B. WILSON,** <br> **Plaintiff,** <br> v. <br> **FULTON COUNTY, THEODORE JACKSON, Sheriff, and JOHN DOE,** <br> **Defendants.** | **1:17-cv-1735-WSD** |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [5] ("R&R"), recommending that this action be dismissed under 28 U.S.C. § 1915A. Also before the Court are Plaintiff Christopher B. Wilson's ("Plaintiff") Objections [8] to the R&R, Motion for Leave to File Amended Complaint [7] ("First Motion to Amend"), and Motion for Leave to Amend Complaint [9] ("Second Motion to Amend").

## I.   BACKGROUND

On April 25, 2017, Plaintiff, a prisoner, filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), asserting a variety of claims against Fulton County, Fulton County Sheriff Theodore Jackson ("Sheriff

Jackson"), and John Doe, an "administrator" (together, "Defendants"). (Compl. at 3). Plaintiff alleges he "was granted bond on Oct. 31st, 2016, but bond was not posted nor arrived at (over to) the Fulton County Jail until Nov. 25th, 2016." (Compl. at 3). He does not elaborate on this allegation or provide additional information in support of his claims. Plaintiff asserts claims for false imprisonment, excessive confinement, and violations of his Fourth, Fifth and Fourteenth Amendment rights. (Compl. at 3-4). He seeks declaratory judgment and damages. (Compl. at 5).

On July 5, 2017, the Magistrate Judge screened Plaintiff's Complaint and issued his R&R, recommending that this action be dismissed under 28 U.S.C. § 1915A. On July 10, 2017, Plaintiff filed his Objections to the R&R, seeking leave to add the "State of Georgia" and the "Clerk of Court of Judge Constance Russell" as defendants in this action. (Obj. at 1-2). Plaintiff, in his Objections, also "prays for the Court to provide supplemental jurisdiction of the common law tort of negligence to his claim." (Obj. at 2).

On July 14, 2017, Plaintiff's First Motion to Amend was entered on the docket. In it, Plaintiff seeks permission to file an amended complaint, adding a Sixth Amendment "substantive due process claim" and state law claims for negligence, false imprisonment, and "unlawful (and excessive) confinement."

2

([7] at 3).[1]  On July 20, 2017, Plaintiff filed his Second Motion to Amend, requesting that the Court "list the State of Georgia as proper defendant held responsible for his false imprisonment, excessive confinement and violations of his due process and liberty rights under the 4th and 5th Amendments."  ([9]).

## II.     LEGAL STANDARDS

### A.     Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact."  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

---

[1]  Plaintiff's proposed amended complaint also alleges that John Doe is the "administrator who would be responsible for (not) sending information to the Fulton County Jail from the Fulton County Courthouse."  ([7] at 3).

Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.  Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Plaintiff does not

specifically object to any findings in the R&R. The Court thus reviews the R&R for plain error. See id.; Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").[2]

   C.   Analysis

      1.   Plaintiff's Claims against Fulton County

Plaintiff asserts several claims, under section 1983, against Fulton County. "[T]o impose § 1983 liability on a municipality [such as Fulton County], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); see Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) ("It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983.").

---

[2] The Court would reach the same conclusions expressed in this Order even if Plaintiff had filed proper objections and the Court conducted a *de novo* review of the record.

5

Plaintiff does not identify any Fulton County "custom or policy that constituted deliberate indifference" to Plaintiff's constitutional rights or that caused his injuries. McDowell, 392 F.3d at 1289; see Grider v. Cook, 522 F. App'x 544, 548 (11th Cir. 2013) (dismissing a § 1983 claim where plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation"); Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) (stating that a "plaintiff must identify a municipal policy or custom that caused his injury," and "vague and conclusory allegations" are insufficient). Plaintiff's Complaint identifies a single instance in which Fulton County allegedly engaged in unconstitutional conduct, and "a single isolated incident is insufficient to establish a custom or policy under § 1983." Harris v. Goderick, 608 F. App'x 760, 763 (11th Cir. 2015); see Turner v. Jones, 415 F. App'x 196, 202 (11th Cir. 2011) ("[T]o establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice."). The Magistrate Judge found that "the alleged delay in the posting of Plaintiff's bond at the Jail, which he claims resulted in his wrongful detention, involves a state function for which Fulton County may not be held liable." (R&R at 5). The Court finds no plain error in this conclusion, and Plaintiff's claims against Fulton County are dismissed.

### 2. Plaintiff's Official Capacity Claims against Sheriff Jackson and John Doe

Plaintiff asserts claims, under section 1983, against Defendants Sheriff Jackson and John Doe in their official capacities. (Compl. at 4). "A Section 1983 claim against a government official in his official capacity is, in reality, a suit against the entity that employs the individual." Neal v. Dekalb Cty., Georgia, No. 1:16-cv-184, 2016 WL 3476873, at *5 (N.D. Ga. June 27, 2016); see Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (naming an employee in her official capacity is "in all respects other than name, to be treated as a suit against the entity").

To the extent Sheriff Jackson and John Doe are employees of Fulton County, Plaintiff's official capacity claims are required to be dismissed for "fail[ure] to identify a county policy or custom through the repeated acts of a final policy maker that caused [Plaintiff's] injuries." Lawrence v. W. Publ'g Corp., No. 1:15-cv-3341, 2016 WL 4257741, at *10 (N.D. Ga. June 17, 2016); see Thrasher v. Hall Cty., No. 2:14-cv-00148, 2015 WL 751715, at *3 (N.D. Ga. Feb. 23, 2015) ("To the extent that Plaintiff asserts liability against the individual Defendants in their official capacities, these claims are tantamount to a claim against the County and are therefore governed by the analysis for municipal liability."); Neal, 2016 WL 3476873, at *5 (same).

The Magistrate Judge also found that, to the extent Sheriff Jackson and John Doe acted as an "arm of the state" in this case, Plaintiff's official capacity claims are not viable under section 1983 and are barred by the Eleventh Amendment. See Lawrence, 2016 WL 4257741, at *11 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983. States and state officials acting in official capacities are immune from suit brought pursuant to section 1983 under the Eleventh Amendment." (citation omitted)); Frederick v. Brown, No. 1:13-cv-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) ("[I]t is now insurmountable that Georgia sheriffs [and their deputies] act as arms of the state."). The Court finds no plain error in the Magistrate Judge's conclusion, and Plaintiff's official capacity claims against Sheriff Jackson and John Doe are dismissed.

3. Plaintiff's Individual Capacity Claims against Sheriff Jackson and John Doe

Plaintiff also asserts claims, under section 1983, against Sheriff Jackson and John Doe in their individual capacities. Plaintiff's only substantive allegation, in the Complaint, is that he "was granted bond on Oct. 31st, 2016, but bond was not posted nor arrived at (over to) the Fulton County Jail until Nov. 25th, 2016." (Compl. at 3). The Magistrate Judge found that this allegation fails to state a claim against Sheriff Jackson or John Doe because "Plaintiff has not alleged any specific

8

action taken, or that should have been taken but was not, by Sheriff Jackson or John Doe, nor has he alleged that there is a pattern or practice, attributable to the Sheriff, of deliberately delaying the release of Jail inmates on bond." (R&R at 7-8). The Magistrate Judge also found that Defendant John Doe is required to be dismissed from this action because "fictitious-party pleading is not permitted in federal court" and Plaintiff's description of John Doe is not "so specific as to be at the very worst, surplusage." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); (R&R at 8). The Court finds no plain error in these conclusions, and Plaintiff's individual capacity claims against Defendants Sheriff Jackson and John Doe are dismissed. The Court agrees with the Magistrate Judge's recommendation that this action be dismissed under 28 U.S.C. § 1915A.[3]

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [5] is **ADOPTED**.

---

[3] Plaintiff's motions to file an amended complaint are denied because the amendments do not cure the deficiencies in Plaintiff's initial Complaint, and the proposed amended complaint still requires dismissal for failure to state a claim. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").

**IT IS FURTHER ORDERED** that Plaintiff's "Written Objections to Magistrate(s) Judges [sic] Final Report and Recommendation" [8] are not valid objections to the R&R and for this reason they are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [9] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED** this 29th day of August, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE